CHARLES KASS, Respondent, *v.* MARY HOROWITZ, Appellant.

(Supreme Court, Appellate Term, First Department, October Term — Filed November, 1920.)

**Evidence — bill of sale not a contract — evidence admissible to show complete contract.**

> A bill of sale is not a contract, and in an action to recover payments alleged to be due pursuant to a bill of sale of plaintiff's business to defendant, evidence is admissible to show the whole contract between the parties, and the exclusion of such evidence on the ground that the bill of sale set forth the consideration, which did not include any of the matters pleaded in defendant's counterclaim and a separate defense, is error for which a judgment directed for plaintiff will be reversed and a new trial granted.

APPEAL from a judgment for $540.25 damages and costs directed in favor of the plaintiff in the City Court of the city of New York, and from the order denying a motion to set the verdict aside.

Samuel Silinsky, for appellant.

Samuel R. Wachtell, for respondent.

DELEHANTY, J.  The complaint in this action alleges that on or about the 13th day of December, 1919, the plaintiff and defendant entered into an agreement whereby the plaintiff sold and delivered to the defendant a certain stationery and cigar store located at No. 1229 Bedford avenue in the borough of Brooklyn, city of New York, including the stock of merchandise, fixtures and appliances contained therein, together with the good will of the business; that the defendant promised and agreed to pay therefor the sum of $7,000,

Appellate Term, First Department, November, 1920. [Vol. 113.

whereof $4,000 was to be paid in cash, and $3,000 by the execution of a mortgage for said amount; that the mortgage was to be paid at the rate of $200 per month; that the plaintiff duly performed each and every term and condition of the contract on his part to be performed, but that the defendant neglected to perform on her part and has failed to make payments due pursuant to the agreement on February 1 and March 1, 1920, aggregating with interest the sum of $457.50, for which amount judgment was demanded. The answer consisted of a general denial, a counterclaim, and three defenses. The counterclaim alleged that the plaintiff to induce defendant to purchase the business in question represented that the lease covering the premises was for a straight period of five years containing no cancellation clauses; that plaintiff agreed to procure the written consent of the owner to the assignment of the lease to defendant and to deliver the same to her; and that he agreed not to engage in a similar line of business for five years within a radius of twenty square blocks; that the chattel mortgage referred to in the complaint was deposited in escrow to be given to the plaintiff on his delivery of the lease with the assignment thereof to the defendant and the written consent of the landlord; that the lease in question contained a cancellation clause and that representations by the plaintiff that it was for a straight term of five years were false and fraudulent and knowingly made for the purpose of inducing the defendant to enter into the contract, and that she did so relying upon such representations; that the plaintiff failed and refused to assign to the defendant the lease in question or to procure the written consent of the landlord, to the damage of the defendant in the sum of $1,000.

As a " third defense " the defendant alleged that the plaintiff in violation of his contract engaged in

business similar to the business sold to the defendant within the prescribed limits of the contract. Upon the trial the plaintiff offered in evidence the bill of sale covering the transaction, which made no mention of the lease. He also offered in evidence the mortgage executed by defendant. It being conceded that defendant made no payments for February and March, 1920, plaintiff rested. Defendant then sought to introduce evidence under her pleadings. The court refused to allow any material testimony to be adduced in connection therewith, upon the ground that the bill of sale set forth the consideration which did not include any of the matters mentioned in the counterclaim or defenses. This decision is not in conformity with the law of this state. A bill of sale is not a contract. It expresses no mutual promises and is executed by the seller alone. In most cases it is but a record of acts performed. In the case at bar evidence was clearly admissible to show the complete contract between the parties, and in order that the defendant may have her day in court it will be necessary to send the case back for a new trial.

Judgment and order reversed, and new trial granted, with costs to appellant to abide the event.

BIJUR and WAGNER, JJ., concur.

Judgment and order reversed, and new trial granted with costs to appellant to abide event.